MEF:TJS:JL
F. #2004R01824

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MICHAEL PARADISO,
    also known as "Mickey Boy"
    and "Glasses,"
FRANK ROMANO,
    also known as "Frankie Fox,"
    and
GEORGE MILO,

            Defendants.

- - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 3 1 2006 ★

P.M. _____
TIME A.M. _____

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 06-313 (S-1) (CBA)
(T. 18, U.S.C., §§ 1962(d),
1963 and 3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

    At all times relevant to this superseding information, unless otherwise indicated:

<u>The Enterprise</u>

    1.    The members and associates of the Gambino organized crime family of La Cosa Nostra (the "Gambino family") constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The Gambino family engaged in, and its activities affected, interstate and foreign commerce.  The Gambino family was an organized criminal group that operated in

the Eastern District of New York and other parts of the United States.

2.      The Gambino family operated through groups of individuals headed by "captains," who were also referred to as "skippers," "caporegimes" and "capodecinas." These groups, which were referred to as "crews," "regimes" and "decinas," consisted of "made" members of the Gambino family, also referred to as "soldiers," "friends of ours," "good fellows" and "buttons," as well as associates of the Gambino family.

3.      Each captain was responsible for supervising the criminal activities of his crew and providing crew members and associates with support and protection. In return, the captain received a share of the earnings of each of the crew's members and associates.

4.      Above the captains were the three highest-ranking members of the Gambino family. The head of the Gambino family was known as the "boss." He was assisted by an "underboss" and a counselor, who was known as the "consigliere." With the assistance of the underboss and consigliere, the boss was responsible for setting policy, resolving disputes between members and associates of the Gambino family and members and associates of other criminal organizations, and approving all significant actions taken by members and associates of the Gambino family, including murder.

5.     The boss, underboss and consigliere of the Gambino family, who were sometimes referred to collectively as the "administration," supervised, supported, protected and disciplined the captains, soldiers and associates and regularly received reports regarding the activities of the members and associates of the Gambino family.  In return for their supervision and protection, the boss, underboss and consigliere received part of the illegal earnings of each crew.  When a member of the administration was unable to fulfill his criminal responsibilities because of incarceration, ill health or other reason, a member of the Gambino family was often appointed to that position in an acting capacity.

6.     The Gambino family was part of a nationwide criminal organization known by various names, including the "mafia" and "La Cosa Nostra," which operated through entities known as "families."  The ruling body of this nationwide organization was known as the "commission," the membership of which at various times included the bosses of the five New York City-based families, to wit: the Bonanno, Colombo, Gambino, Genovese and Luchese organized crime families.

7.     From time to time, the Gambino family would propose a list of associates to be "made," that is, to become members of the Gambino family.  The list would be circulated to the other families based in New York City.

3

The Purposes, Methods and Means of the Enterprise

8.     The Gambino family constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The principal purpose of the Gambino family was to generate money for its members and associates.  This purpose was implemented by members and associates of the Gambino family through various criminal activities, including extortion, illegal gambling, interstate transportation of stolen goods, loansharking, narcotics trafficking and robbery.  The members and associates of the Gambino family also furthered the enterprise's criminal activities by threatening economic injury and using and threatening to use physical violence, including murder.

9.     Although the primary purpose of the Gambino family was to generate money for its members and associates, the members and associates at times used the resources of the Gambino family to settle personal grievances and vendettas, sometimes with the approval of higher-ranking members of the Gambino family.  For those purposes, members and associates of the enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

10.     The members and associates of the Gambino family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the

location of proceeds of those activities.  That conduct included a commitment to murdering persons, particularly members or associates of organized crime families, who were perceived as potential witnesses against members and associates of the enterprise.

11.     Members and associates of the Gambino family often coordinated street-level criminal activity, such as extortion, illegal gambling, loansharking, narcotics trafficking and robbery, with members and associates of other organized crime families.

The Defendants

12.     At various times, the defendant MICHAEL PARADISO, also known as "Mickey Boy" and "Glasses," was a captain, acting captain, soldier and an associate within the Gambino family.

13.     At various times, the defendants FRANK ROMANO, also known as "Frankie Fox," and GEORGE MILO were associates within the Gambino family.

RACKETEERING CONSPIRACY

14.     The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between January 2001 and May 2006, both dates being approximate and inclusive, within the

5

Eastern District of New York and elsewhere, the defendants MICHAEL PARADISO, also known as "Mickey Boy" and "Glasses," FRANK ROMANO, also known as "Frankie Fox," and GEORGE MILO, together with others, being persons employed by and associated with the Gambino family, an enterprise that engaged in, and the activities of which affected, interstate commerce, knowingly and intentionally conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5).

16.    The pattern of racketeering activity through which the defendants MICHAEL PARADISO, FRANK ROMANO and GEORGE MILO agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth below as racketeering acts 1 through 9 of this superseding information.  The defendants agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

<u>RACKETEERING ACT ONE</u>
(Extortion - John Doe #1)

17.    The defendant named below committed the following acts, either one of which alone constitutes racketeering act one:

6

A.   <u>Larceny by Extortion Conspiracy</u>

18.    In or about and between January 2001 and May 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL PARADISO, together with others, knowingly and intentionally conspired to steal property by extortion, in that the defendant and others agreed to obtain property, to wit: money, from John Doe #1, an individual whose identity is known to the United States Attorney, by instilling in John Doe #1 a fear that the defendant and others would cause physical injury to John Doe #1 in the future, in violation of New York Penal Law Sections 155.40(2) and 105.10.

B.   <u>Larceny by Extortion</u>

19.    In or about and between January 2001 and May 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL PARADISO, together with others, did knowingly and intentionally steal property by extortion, in that the defendant and others obtained property, to wit: money, from John Doe #1, by instilling in John Doe #1 a fear that the defendant and others would cause physical injury to John Doe #1 in the future, in violation of New York Penal Law Sections 155.40(2) and 20.00.

## RACKETEERING ACT TWO
(Extortionate Collection of Credit - John Doe #2)

20.    The defendant named below committed the following acts, either one of which alone constitutes racketeering act two:

### A.    Extortionate Collection of Credit Conspiracy

21.    In or about and between April 2004 and April 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANK ROMANO, together with others, knowingly and intentionally conspired to participate in the use of extortionate means to collect an extension of credit from John Doe #2, an individual whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 894(a)(1).

### B.    Extortionate Collection of Credit

22.    In or about and between April 2004 and April 2005, both dates being approximate and inclusive, within the Eastern District of New York, the defendant FRANK ROMANO, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #2, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

8

RACKETEERING ACT THREE
(Extortionate Collection of Credit - John Doe #3)

23.     The defendants named below committed the following acts, either one of which alone constitutes racketeering act three:

A.   Extortionate Collection of Credit Conspiracy

24.     In or about and between June 2004 and September 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL PARADISO, FRANK ROMANO and GEORGE MILO, together with others, knowingly and intentionally conspired to participate in the use of extortionate means to collect an extension of credit from John Doe #3, an individual whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 894(a)(1).

B.   Extortionate Collection of Credit

25.     In or about and between June 2004 and September 2005, both dates being approximate and inclusive, within the Eastern District of New York, the defendants MICHAEL PARADISO, FRANK ROMANO and GEORGE MILO, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #3, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

9

RACKETEERING ACT FOUR
(Extortionate Collection of Credit - John Doe #4)

26.    The defendant named below committed the following acts, either one of which alone constitutes racketeering act four:

A.   Extortionate Collection of Credit Conspiracy

27.    In or about and between August 2005 and November 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANK ROMANO, together with others, knowingly and intentionally conspired to participate in the use of extortionate means to collect an extension of credit from John Doe #4, an individual whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 894(a)(1).

B.   Extortionate Collection of Credit

28.    In or about and between August 2005 and November 2005, both dates being approximate and inclusive, within the Eastern District of New York, the defendant FRANK ROMANO, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #4, in violation of Title 8, United States Code, Sections 894(a)(1) and 2.

10

RACKETEERING ACT FIVE
(Extortionate Collection of Credit - John Doe #5)

29.     The defendants named below committed the following acts, either one of which alone constitutes racketeering act five:

A.     Extortionate Collection of Credit Conspiracy

30.     In or about and between August 2005 and November 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL PARADISO and FRANK ROMANO, together with others, knowingly and intentionally conspired to participate in the use of extortionate means to collect an extension of credit from John Doe #5, an individual whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 894(a)(1).

B.     Extortionate Collection of Credit

31.     In or about and between August 2005 and November 2005, both dates being approximate and inclusive, within the Eastern District of New York, the defendants MICHAEL PARADISO and FRANK ROMANO, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #5, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

11

## RACKETEERING ACT SIX
(Extortionate Collection of Credit – John Doe #6 and #7)

32.     The defendant named below committed the following acts, either one of which alone constitutes racketeering act six:

A.     Extortionate Collection of Credit Conspiracy

33.     In or about and between August 2005 and December 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANK ROMANO, together with others, knowingly and intentionally conspired to participate in the use of extortionate means to collect an extension of credit from John Doe #6 and John Doe #7, individuals whose identities are known to the United States Attorney, in violation of Title 18, United States Code, Section 894(a)(1).

B.     Extortionate Collection of Credit

34.     In or about and between August 2005 and December 2005, both dates being approximate and inclusive, within the Eastern District of New York, the defendant FRANK ROMANO, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #6 and John Doe #7, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

12

RACKETEERING ACT SEVEN
(Extortionate Collection of Credit – John Doe #8)

35.     The defendants named below committed the following acts, either one of which alone constitutes racketeering act seven:

A.     Extortionate Collection of Credit Conspiracy

36.     In or about and between August 2005 and December 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL PARADISO and FRANK ROMANO, together with others, knowingly and intentionally conspired to participate in the use of extortionate means to collect an extension of credit from John Doe #8, an individual whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 894(a)(1).

B.     Extortionate Collection of Credit

37.     In or about and between August 2005 and December 2005, both dates being approximate and inclusive, within the Eastern District of New York, the defendants MICHAEL PARADISO and FRANK ROMANO, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #8, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

13

## RACKETEERING ACT EIGHT
(Extortionate Collection of Credit - John Doe #9)

38.     The defendants named below committed the
following acts, either one of which alone constitutes
racketeering act eight:

A.     Extortionate Collection of Credit Conspiracy

39.     In or about and between September 2005 and
October 2005, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendants
MICHAEL PARADISO and FRANK ROMANO, together with others,
knowingly and intentionally conspired to participate in the use
of extortionate means to collect an extension of credit from John
Doe #9, an individual whose identity is known to the United
States Attorney, in violation of Title 18, United States Code,
Section 894(a)(1).

B.     Extortionate Collection of Credit

40.     In or about and between September 2005 and
October 2005, both dates being approximate and inclusive, within
the Eastern District of New York, the defendants MICHAEL PARADISO
and FRANK ROMANO, together with others, knowingly and
intentionally participated in the use of extortionate means to
collect and attempt to collect an extension of credit from John
Doe #9, in violation of Title 18, United States Code, Sections
894(a)(1) and 2.

14

<u>RACKETEERING ACT NINE</u>
(Extortionate Collection of Credit - John Doe #10)

41.     The defendants named below committed the
following acts, either one of which alone constitutes
racketeering act nine:

A.     <u>Extortionate Collection of Credit Conspiracy</u>

42.     In or about and between October 2005 and
December 2005, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendants
FRANK ROMANO and GEORGE MILO, together with others, knowingly and
intentionally conspired to participate in the use of extortionate
means to collect an extension of credit from John Doe #10, an
individual whose identity is known to the United States Attorney,
in violation of Title 18, United States Code, Section 894(a)(1).

B.     <u>Extortionate Collection of Credit</u>

43.     In or about and between October 2005 and
December 2005, both dates being approximate and inclusive, within
the Eastern District of New York, the defendants FRANK ROMANO and
GEORGE MILO, together with others, knowingly and intentionally
participated in the use of extortionate means to collect and
attempt to collect an extension of credit from John Doe #10, in

15

violation of Title 18, United States Code, Sections 894(a)(1) and 2.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 <u>et seq</u>.)

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

16